# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| RAGEN H. HATCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:13-CV-353-PRC |
| | ) |
| GARY COMMUNITY SCHOOL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Disqualify Defendant's Counsel [DE 79], filed by Plaintiff Ragen H. Hatcher on April 1, 2016. Defendant Gary Community School Corporation filed a response on April 15, 2016. Plaintiff has not filed a reply, and the time to do so has passed.

Plaintiff moves to disqualify the law firm representing Defendant, Robert L. Lewis & Associates, citing Indiana Rule of Professional Conduct 3.7(a), which provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

Ind. R. Prof'l Conduct 3.7. "In determining whether to disqualify counsel, a court is directed by Rule 3.7 to conduct a balancing between the interests of the client and those interests of the opposing party." *Hutchinson v. Spanierman*, 190 F.3d 815, 828 (7th Cir. 1999) (discussing the commentary

to Indiana Rule of Professional Conduct 3.7). The disqualification of an attorney is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993).

Plaintiff represents that Attorney Lewis will be called as a witness in this case on a contested question of fact regarding the reason for Plaintiff's termination from her employment as attorney for Defendant. Plaintiff represents that Defendant indicated to her in a letter of termination that she was being terminated due to financial constraints; however, shortly after she was terminated, Attorney Lewis and his law firm were employed to provide legal services for Defendant at approximately three times the rate that Plaintiff was paid. Plaintiff reasons that the testimony Attorney Lewis may provide is not related to the nature and value of legal services in this case but rather to the hiring of his law firm and the overall costs of legal services in relation to Plaintiff's employment. Plaintiff reasons that, because Defendant is one of the largest school corporations in the State of Indiana, it would not be a hardship on Defendant to hire new counsel to defend this case.

Defendant objects on the basis that disqualification of Attorney Lewis and his firm would provide a substantial hardship on Defendant. Defendant notes that Plaintiff filed her Complaint on September 30, 2013, and that trial is less than a year away.

The Court finds that disqualification of the law firm Robert L. Lewis & Associates at this time would provide a substantial hardship to Defendant. Attorney Tracy A. Coleman of the law firm Robert L. Lewis & Associates entered her appearance on behalf of Defendant on November 12, 2013, and has continued to represent Defendant throughout this litigation without objection from Plaintiff. Plaintiff has known the facts regarding the retention of Robert L. Lewis & Associates by Defendant following her termination since the time she filed her Complaint. The discovery deadline of May 27, 2016, is only a month away, and a jury trial is set for January 9, 2017. Plaintiff offers

no explanation as to why she waited almost two and a half years to move to disqualify the law firm. In addition, Plaintiff would not be prejudiced because she can request discovery directly from Defendant regarding the rates at which it hired legal counsel following Plaintiff's termination.

Accordingly, the Court hereby **DENIES** Plaintiff's Motion to Disqualify Defendant's Counsel [DE 79].

SO ORDERED this 28th day of April, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT