# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| RAGEN H. HATCHER, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:13-CV-353-PRC |
| | ) |
| GARY COMMUNITY SCHOOL | ) |
| CORPORATION, | ) |
|     Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Discovery [DE 86], filed by Plaintiff on July 1, 2016.

The discovery deadline was May 27, 2016. Plaintiff served Interrogatories, Request for Admission, and Requests for Production on Defendant on May 21, 2016, six days before the expiration of the discovery period. Discovery requests must be served sufficiently in advance of the discovery deadline to allow a response within the discovery deadline. *See Gordon v. Northeastern REMC*, No. 1:02-CV-171, 2003 WL 21919179, at *2 (N.D. Ind. June 2, 2003) ("Discovery requests not filed in sufficient time to allow the opponent to respond within the discovery period are untimely and the opponent is under no duty to comply."); *see also Martin v. Fort Wayne Police Dep't*, No. 1:11CV347, No. 2014 WL 1047801, at *13 n. 16 (N.D. Ind. Mar. 18, 2014) (citing *Shadle v. First Fin. Bank, N.A.*, No. 1:09-CV-37, 2009 WL 3787006, at *2 (N.D. Ind. Nov. 10, 2009) (collecting cases refusing to require opposing parties to respond to discovery requests served late in the discovery period)); *Nowakowski v. Rounders Stadium Grill*, No. 2:07-CV-186, 2008 WL 5273814, at *1-2 (N.D. Ind. Dec. 18, 2008); *NIPSCO v. Colorado Westmoreland, Inc*., 112 F.R.D. 423, 424 (N.D. Ind. 1986) ("Common sense dictates that any requests for discovery must be made in sufficient time to allow the opposing party to respond before the termination of discovery."). The

discovery deadline is the last day to complete discovery, not the last day to initiate it. Because the discovery requests are untimely, the Court denies the motion on this basis. This case will be three years old in September 2016, in large part due to delay caused by Plaintiff's failure to comply with court rules. The jury trial is set for January 9, 2017, and Defendant timely filed a Motion for Summary Judgment on the July 1, 2016 deadline.

Moreover, Plaintiff is in violation of both Northern District of Indiana Local Rule 7-1(b) and Northern District of Indiana Local Rule 37-1. Local Rule 7-1(b) requires that a party bringing any motion under Federal Rule of Civil Procedure 37, which would include a motion to compel discovery, must file a supporting brief. *See* N.D. Ind. L.R. 7-1(b)(2). Plaintiff did not file a supporting brief. Local Rule 37-1(a) provides:

> **(a)** **Certification Required.** A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action. The certification must include:
>
> > **(1)** the date, time, and place of any conference or attempted conference; and
> >
> > **(2)** the names of the parties participating in the conference.
>
> (**b**) **Failure to File Certification.** The court may deny any motion described in subdivision (a)—except those motions brought by or against a person appearing pro se—if the required certification is not filed.

N.D. Ind. L.R. 37-1. Plaintiff did not file the requisite certification.

Accordingly, the Court **DENIES** Plaintiff's Motion to Compel Discovery [DE 86].

In a June 8, 2016 Order, the Court noted two errors in the caption of the motion being ruled on. Both errors are repeated in the instant motion despite the Court's warning that all future filings must contain a correct caption. First, the motion lists the Defendants as Gary Community School Corporation *and* School Board of Trustees of the Gary Community School Corporation. However,

the only Defendant is Gary Community School Corporation. Second, Plaintiff identified the Defendant as a Plaintiff. Going forward, the Court will *sua sponte* strike any document with an incorrect caption filed by Plaintiff.

    SO ORDERED this 6th day of July, 2016.

                                            s/ Paul R. Cherry
                                            MAGISTRATE JUDGE PAUL R. CHERRY
                                            UNITED STATES DISTRICT COURT