**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| RAGEN H. HATCHER, | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CAUSE NO.: 2:13-CV-353-PRC |
| | ) |
| GARY COMMUNITY SCHOOL | ) |
| CORPORATION, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Second Motion to Extend Discovery [DE 87], filed by Plaintiff on July 2, 2016.

The discovery deadline was May 27, 2016. On June 7, 2016, eleven days after the expiration of the deadline, Plaintiff filed a Motion to Extend Discovery. The Court denied the motion because Plaintiff made no attempt to demonstrate good cause for the requested extension of time or excusable neglect for filing the motion after the expiration of the deadline. *See* Fed. R. Civ. P. 6(b).

In the instant motion, Plaintiff asks for an extension of the discovery deadline because she served discovery requests on Defendant on May 21, 2016, and is still waiting for responses from Defendant. The explanation does not constitute good cause for an extension of the discovery deadline because Plaintiff's discovery requests were untimely. Discovery requests must be served sufficiently in advance of the discovery deadline to allow a response within the discovery deadline. *See Gordon v. Northeastern REMC*, No. 1:02-CV-171, 2003 WL 21919179, at *2 (N.D. Ind. June 2, 2003) ("Discovery requests not filed in sufficient time to allow the opponent to respond within the discovery period are untimely and the opponent is under no duty to comply."); *see also Martin v. Fort Wayne Police Dep't*, No. 1:11CV347, No. 2014 WL 1047801, at *13 n. 16 (N.D. Ind. Mar. 18, 2014) (citing *Shadle v. First Fin. Bank, N.A.*, No. 1:09-CV-37, 2009 WL 3787006, at *2 (N.D.

Ind. Nov. 10, 2009) (collecting cases refusing to require opposing parties to respond to discovery requests served late in the discovery period)); *Nowakowski v. Rounders Stadium Grill*, No. 2:07-CV-186, 2008 WL 5273814, at *1-2 (N.D. Ind. Dec. 18, 2008); *NIPSCO v. Colorado Westmoreland, Inc*., 112 F.R.D. 423, 424 (N.D. Ind. 1986) ("Common sense dictates that any requests for discovery must be made in sufficient time to allow the opposing party to respond before the termination of discovery."). The discovery deadline is the last day to complete discovery, not the last day to initiate it. Plaintiff offers no explanation for why she waited until six days before the discovery deadline to serve discovery requests. In addition, Plaintiff has not offered any showing of excusable neglect for filing either the first motion or the instant second motion after the expiration of the discovery deadline.

The Court again notes that, on April 2, 2015, the Court denied Defendant's Rule 41(b) Motion to Dismiss, allowing the case to proceed on the merits despite Plaintiff's failure to show good cause why the case should not be dismissed based on Plaintiff's procedural errors. *See* (Docket entry 59). Because of delays caused by "Plaintiff's repeated, substantial irregularities as to form and Rules requirements," this case will be three years old in September. Plaintiff's delay in serving discovery requests on Defendant and the delay in filing the instant motion are further examples of failure to follow the requirements of the Rules. Trial is set for January 9, 2017. Defendant timely filed a Motion for Summary Judgment by the July 1, 2016 deadline.

Accordingly, the Court **DENIES** Plaintiff's Second Motion to Extend Discovery [DE 87].

In the June 8, 2016 Order, the Court noted that the caption of Plaintiff's motion incorrectly identified two defendants—Gary Community School Corporation *and* School Board of Trustees of the Gary Community School Corporation—when there is only one defendant—Gary Community School Corporation. The Court warned that "[a]ll future filings must contain a correct caption."

Nevertheless, the caption of the instant motion once again incorrectly lists two defendants. Going forward, the Court will *sua sponte* strike any document with an incorrect caption filed by Plaintiff.

SO ORDERED this 6th day of July, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT