# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| RAGEN H. HATCHER,<br>    Plaintiff,<br><br>    v.<br><br>GARY COMMUNITY SCHOOL<br>CORPORATION,<br>    Defendant. | )<br>)<br>)<br>)  CAUSE NO.: 2:13-CV-353-PRC<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on a Motion for Summary Judgment [DE 84], filed by Defendant Gary Community School Corporation on July 1, 2016, and a Motion to Strike Affidavit of Judy Cherry, Exhibit 3 and 4 and Portions of Plaintiff's Response Brief [DE 92], filed by Defendant on August 8, 2016. For the reasons set forth below, the Court grants the Motion for Summary Judgment on the § 1983 federal constitutional claims and relinquishes its jurisdiction over the Indiana state law claims of breach of contract and tortious interference with a contract.

## PROCEDURAL BACKGROUND

On September 30, 2013, Plaintiff Regan H. Hatcher filed a Complaint against Defendant Gary Community School Corporation and the School Board of the Gary Community School Corporation. On June 11, 2014, Judge Robert L. Miller, Jr. issued an Opinion and Order, granting in part and denying in part the Defendants' Motion to Dismiss the Complaint.

On August 7, 2014, the parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

After extensive proceedings to correct errors in Plaintiff's attempts to file an amended complaint, on March 27, 2015, Plaintiff filed a First Amended Complaint against Defendant Gary Community School Corporation only, alleging claims of breach of contract (Count I), tortious interference with a contract (Count II), deprivation of her due process and equal protection rights under the Fourteenth Amendment to the United States Constitution brought under 42 U.S.C. § 1983 (Count III), and deprivation of her rights of freedom of expression and freedom of speech under the First Amendment to the United States Constitution brought under 42 U.S.C. § 1983 (Count IV). Plaintiff attached four exhibits—an Attorney Employment Agreement for the period of June 13, 2006, through June 30, 2007 (Ex. 1), the August 8, 2014 Affidavit of Judy Cherry (Ex. 2), a December 22, 2008 letter from the President of the Board of School Trustees of the Gary Community School Corporation (Ex. 3), and a January 29, 2010 letter from the President of the Board of School Trustees of the Gary Community School Corporation (Ex. 4).

On April 17, 2015, Defendant filed a Motion to Dismiss the First Amended Complaint, which the Court granted in part and denied in part on October 22, 2015, dismissing Plaintiff's equal protection claim in Count III for failure to state a claim.

On July 1, 2016, Defendant filed the instant Motion for Summary Judgment on Plaintiff's remaining claims. Plaintiff filed a response on July 23, 2016, attaching the same four exhibits that she attached to her First Amended Complaint. On August 8, 2016, Defendant filed a reply in support of summary judgment and the Motion to Strike. Plaintiff filed a response to the Motion to Strike on August 20, 2016.

**MOTION TO STRIKE**

In the Motion to Strike, Defendant argues that Plaintiff's Exhibit 2, the Affidavit of Judy Cherry (no relation to the undersigned), offered in support of her opposition to summary judgment, should be stricken from the record pursuant to Federal Rule of Civil Procedure 56(c)(4) because it is not made on her personal knowledge and is not signed under the penalties of perjury. Although there is no explicit statement that the Affidavit is based on personal knowledge, personal knowledge can be inferred from the content of the Affidavit in this instance. *See Wine & Canvas Dev., LLC v. Roberts*, No. 1:12-CV-1752, 2013 WL 1099895, at *2 (S.D. Ind. Mar. 15, 2013) (citing *Credentials Plus, LLC v. Calderone*, 230 F. Supp. 2d 890, 904-05 (N.D. Ind. 2002); 11 Moore's Fed. Practice § 56.14[1][c] (Matthew Bender 3d ed. 2002)). Also, the Affidavit is sworn (and signed and sealed by a notary public); thus, the Affidavit need not comply with the requirements of 28 U.S.C. § 1746 for unsworn declarations. The Court denies the Motion to Strike Judy Cherry's Affidavit. The Court denies as moot the remainder of the Motion to Strike because Exhibits 3 and 4 are unnecessary for the Court's ruling on summary judgment.

**SUMMARY JUDGMENT STANDARD**

The Federal Rules of Civil Procedure require that a motion for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Summary judgment is appropriate when no material fact is disputed and the

moving parties are entitled to judgment as a matter of law, meaning that no reasonable jury could find for the other party based on the evidence in the record." *Carman v. Tinkes*, 762 F.3d 565, 566 (7th Cir. 2014).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56 (a), (c). The moving party may discharge its initial responsibility by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325; *see also Spierer v. Rossman*, 798 F.3d 502, 508 (7th Cir. 2015). When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Spierer*, 798 F.3d at 507-08; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168-69 (7th Cir. 2013).

"Once the moving party puts forth evidence showing the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(c)(1), (e); *Flint v. City of Belvidere*, 791 F.3d 764, 769 (7th Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)

(1986)). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 248-50.

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *McDowell v. Vill. of Lansing*, 763 F.3d 762, 764, 765 (7th Cir. 2014); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

## MATERIAL FACTS

In 2006, Plaintiff Ragen H. Hatcher was hired as an attorney for Defendant Gary Community School Corporation. Plaintiff and Defendant executed an "Attorney Employment Agreement" for the time period of June 13, 2006, through June 30, 2007.

In response to Defendant's interrogatories, Plaintiff states that she also had a signed teacher's contract. Although she has not produced the signed teacher's contract, Plaintiff offers the Affidavit of Judy Cherry. Judy Cherry states that she was an employee of the Gary Community School Corporation from September 2003 through July 31, 2012, in the position of Human Resources Specialist and Compliance Officer. She avers that, at the time Plaintiff was hired in June 2006, it was standard practice for all employees to sign a Regular Teacher's Contract and that she was aware

5

of and personally saw the fully executed Regular Teacher's Contract signed by Plaintiff. Judy Cherry further states that Plaintiff's Regular Teacher's Contract was signed after the Attorney Employment Agreement was signed. Judy Cherry states that Plaintiff asked Judy Cherry for a copy of her contract, that the contract was missing from the file, and that Judy Cherry was unable to locate the contract after inquiries of other staff members.

Plaintiff received a letter dated August 19, 2011, from the President of the Board of School Trustees of the Gary Community School Corporation, indicating that, due to financial constraints on Defendant, at its regular meeting the Board would be considering a proposal to discontinue the position of in-house counsel, effective October 1, 2011. The letter stated that the meeting would take place at the Gary Area Career Center at 6:00 p.m. on August 23, 2011, and that Plaintiff would be notified of the Board's decision subsequent to the meeting.

The Board of School Trustees of the Gary Community School Corporation ("Board") issued an Agenda for the August 23, 2011 meeting that listed as an agenda item: "Elimination of the In-House Counsel position for the Gary Community School Corporation, effective October 1, 2011." (Def. Br., Ex. 5, p. 3).

On August 23, 2011, the Board voted to eliminate the position of in-house counsel. Plaintiff attended the August 23, 2011 Board meeting, heard the motion to eliminate the in-house counsel position, and was present when the Board voted to eliminate the position effective October 1, 2011.

## ANALYSIS

The Court has original jurisdiction under 42 U.S.C. § 1331, based on Plaintiff's claims in Counts III and IV for violations of her federal constitutional rights brought under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the Indiana state law

claims of breach of contract and tortious interference with a contract in Counts I and II, respectively, because they are part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367(a). Defendant moves for summary judgment on all claims in Plaintiff's First Amended Complaint.

The Court begins with the federal claims. Although the Court dismissed Plaintiff's § 1983 equal protection claim on October 22, 2015, still pending are her § 1983 claims for a violation of her due process rights under the Fourteenth Amendment to the United States Constitution and for a violation of her rights of free speech and expression under the First Amendment to the United States Constitution.[1] The Fourteenth Amendment claim alleges that Defendant deprived Plaintiff of her due process rights when it terminated her employment without affording her the due process required under the continuing indefinite teacher's contract that she alleges governed her employment. The First Amendment claim alleges that Defendant terminated her employment for political reasons. The decision to eliminate the in-house counsel position, which Plaintiff held, was made at the public school board meeting on August 23, 2011, effective October 1, 2011.

Defendant moves for summary judgment on the federal claims, arguing that any claims brought under §1983 should be dismissed because they were filed on September 30, 2013, after the two-year statute of limitations expired on August 22, 2013. The Court agrees. Defendant contends that the statute of limitations began to run on August 23, 2011, the date the Board of Trustees of the Gary Community School Corporation voted to eliminate the in-house counsel position. In response,

---

[1] Defendant inaccurately represents in its Memorandum of Law that the Court previously dismissed the due process claim; the Court dismissed only the equal protection claim. Because Defendant requests that the Court enter summary judgment on all of Plaintiff's claims, because Defendant argues that "any lawsuits for § 1983 violations should have been brought within two years after the board meeting of August 23, 2011," and because Plaintiff addressed the merits of her due process claim in her response brief, the motion for summary judgment on the due process claim is properly before the Court.

7

Plaintiff argues, without citation to law, that her claims were timely because they were filed on September 30, 2011, one day before two years after the elimination of her position became effective.

The statute of limitations for claims brought under 42 U.S.C. § 1983 is the statute of limitations for personal injury torts in the state where the alleged injury occurred. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). In Indiana, that period is two years. *See* Ind. Code § 34-11-2-4. However, federal law governs when the claims accrued. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993) (citing *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992)).

In a case brought by plaintiffs alleging that the termination of their employment violated 42 U.S.C. § 1983, the United States Supreme Court held that, for the statute of limitations calculation, "'the proper focus is on the time of the *discriminatory act*, not the point at which the *consequences* of the act become painful.'" *Chardon v. Fernandez*, 454 U.S. 6, 7-8 (1981) (quoting *Delaware State College v. Ricks*, 449 U.S. 250 (1980)). The Court explained that "the fact of termination is not itself an illegal act." *Id*. at 8. In *Ricks*, the alleged illegal act was racial discrimination in the tenure decision. *Id*. (citing *Ricks*, 449 U.S. at 259). In *Chardon*, the alleged illegal act was that the decision to terminate was made solely for political reasons. *Id*. The Court found important that there were no other allegations, either in *Ricks* or in the cases before it, of illegal acts subsequent to the date on which the termination decisions were made. *Id*. The Court then reiterated its reasoning in *Ricks*: "'[m]ere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination.'" *Id*. (quoting *Ricks*, 449 U.S. at 257). The fact that an employee is given reasonable notice before the termination does not extend the period within which the lawsuit must be filed. *Id*.

All § 1983 claims in this case are based on the August 23, 2011 decision made by the Board to eliminate the position Plaintiff held as in-house counsel. Plaintiff was aware of the decision on August 23, 2011, as she was present at the Board meeting when the motion was made and the Board voted. Under *Chardon*, the statute of limitations began to run on August 23, 2011, the date the decision was made allegedly without affording her due process under the Fourteenth Amendment and allegedly for political reasons in violation of the First Amendment. Thus, the statute of limitations expired on August 22, 2013. Plaintiff did not file her Complaint until September 30, 2013. Therefore, the Court grants summary judgment in favor of Defendant on Plaintiff's remaining Fourteenth and First Amendment claims in Counts III and IV.

With the dismissal of Plaintiff's federal claims, the Court considers the status of its supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. A district court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[T]he presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims" when the federal claims are dismissed before trial. *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)). A district court should exercise its discretion to relinquish jurisdiction over supplemental state law claims remaining after the dismissal of federal claims subject to three exceptions: "when the refiling of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim is to be decided." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *see also Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir. 2008). The Court exercises its discretion to relinquish jurisdiction of both state law claims.

9

The Court relinquishes jurisdiction over the breach of contract claim based on a written contract in Count I. First, the applicable statute of limitations, which is ten years, has not expired. *See* Ind. Code §§ 34-11-2-1, 34-11-2-11. Second, although this case has been pending for a significant period of time, largely for procedural delays caused by Plaintiff, the Court has not expended substantial judicial resources on this claim. Finally, it is not clearly apparent how the claim is to be decided. Therefore, the Court relinquishes jurisdiction and dismisses without prejudice the breach of contract claim in Count I.

For the claim of tortious interference with a contract in Count II, the statute of limitations is two years. *See Graves v. Kovacs*, 990 N.E.2d 972, 977-78 (Ind. Ct. App. 2013) (citing *C&E Corp. v. Ramco Indus., Inc.*, 717 N.E.2d 642, 644 (Ind. Ct. App. 1999)); *see also* Ind. Code § 34-11-2-4. Under Indiana law, "'[i]n general, the cause of action of a tort claim accrues and the statute of limitations begins to run when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another.'" *Chang v. Purdue Univ.*, 985 N.E.2d 35, 52 (Ind. Ct. App. 2013) (quoting *Filip v. Block*, 879 N.E.2d 1076, 1082 (Ind. 2008)). Plaintiff was injured when she was no longer employed on October 1, 2011. Therefore, her Complaint was timely filed in this Court as to her state law claim of tortious interference with a contract on September 30, 2013. Pursuant to 28 U.S.C. § 1367, the period of limitations is tolled for supplemental state law claims while the claim is pending in federal court and for a period of thirty days after the supplemental state claim is dismissed, unless state law provides for a longer tolling period. 28 U.S.C. § 1367(d). Therefore, Plaintiff may refile this case in state court. *Id.*; *see also* Ind. Code § 34-11-8-1. Second, the Court has not expended substantial judicial resources on the claim. Finally, it is not clearly apparent how the claim is to be decided. Therefore,

the Court relinquishes jurisdiction and dismisses without prejudice the claim for tortious interference with a contract in Count II.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion for Summary Judgment [DE 84] on Count III (§ 1983 - Due Process) and Count IV (§ 1983 - First Amendment) of the First Amended Complaint, and **DIRECTS** the Clerk of Court to enter judgment in favor of Defendant Gary Community School Corporation and against Plaintiff Ragen H. Hatcher on those claims.

Under 28 U.S.C. § 1367(c)(3), the Court relinquishes its jurisdiction over the state law claims for breach of contract in Count I and tortious interference with a contract in Count II and **DISMISSES without prejudice** both claims.

The Court **DENIES in part** and **DENIES as moot in part** the Motion to Strike Affidavit of Judy Cherry, Exhibit 3 and 4 and Portions of Plaintiff's Response Brief [DE 92].

So ORDERED this 22nd day of November, 2016.

        s/ Paul R. Cherry
        MAGISTRATE JUDGE PAUL R. CHERRY
        UNITED STATES DISTRICT COURT